Filed 9/12/24  P. v. Fuentes CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>ISRAEL FABIAN FUENTES,<br><br>　　　Defendant and Appellant. | A169955<br><br>(Sonoma County Super. Ct. No. SCR-736368-1) |

　　　Israel Fabian Fuentes was convicted of violating Penal Code section 273.5, subdivision (a) [willful infliction of corporal injury resulting in traumatic condition on person with whom he was in a dating relationship]. On appeal, we affirmed his convictions but vacated the sentence because upper terms imposed by the trial court could not be sustained under post-sentencing statutory amendments.  This appeal is from the orders on resentencing.

　　　Fuentes's appointed appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), in which he raises no issue and asks this court for an independent review of the record.  Counsel attests that he advised Fuentes of his right to file a supplemental brief, and that this court could choose to treat his appeal as abandoned pursuant to *People v.*

1

*Delgadillo* (2022) 14 Cal.5th 216 if he does not do so. Fuentes has not filed a supplemental brief.

Having examined the entire record in accordance with *Wende*, we agree with counsel that there are no arguable issues requiring further briefing and affirm.

## BACKGROUND

The facts underlying Fuentes's conviction and probation violation were related in our unpublished opinion on the appeal. (*People v. Fuentes* (Jan. 30, 2023, A162315) [nonpub. opn.].) Suffice to say that Fuentes inflicted significant injuries on the mother of his child with the three year old present in the house. Fuentes pleaded guilty to willful infliction of corporal injury on a person with whom he had a dating relationship (Pen. Code,[1] § 273.5) and admitted an allegation of infliction of great bodily injury (§ 12022.7, subd. (e)) pursuant to a plea agreement calling for probation with a suspended eight-year prison term. While released pending sentencing, he was found to have violated a condition of his release and, in accordance with a provision of the plea agreement stating that violation of a condition of release or certain other conduct would result in unconditional sentencing ("*Cruz* waiver"[2]), he was sentenced to a nine-year prison term consisting of aggravated terms on both the conviction (four years) and the enhancement (five years).

Fuentes appealed, claiming the condition he was found to have violated was unconstitutionally vague, the evidence did not support finding a violation and postsentencing statutory amendments required a remand for resentencing. We affirmed the trial court's finding of the violation but agreed that a remand for resentencing was required due to the postsentencing

---

[1] Further statutory references will be to the Penal Code.

[2] *People v. Cruz* (1988) 44 Cal.3d 1247.

2

enactment of Senate Bill No. 567 (2021-2022 Reg. Sess.), which amended section 1170, subdivision (b), so as to preclude imposition of an upper term sentence unless facts underlying the aggravating circumstances were stipulated to by the defendant or found true beyond a reasonable doubt. We remanded for resentencing in light of section 1170, subdivision (b), as amended by Senate Bill No. 567 (2021-2022 Reg. Sess.).

On remand, the People argued for reimposition of the aggravated term on the section 273.5 conviction while Fuentes sought a low term sentence based on mitigating factors under section 1170, subdivision (b)(6).[3] Fuentes further argued that dismissal of the great bodily injury enhancement was required by the Racial Justice Act of 2020 (§ 745) (RJA) and that the court should exercise its discretion to dismiss the enhancement pursuant to section 1385. The People maintained that Fuentes failed to make a prima facie case of bias or animus within the meaning of section 745, there was no violation of the RJA, and Fuentes was a danger to society.

---

[3] Fuentes relied on section 1170, subdivision (b)(6)(A) which provides that "unless the court finds that the aggravating circumstances outweigh the mitigating circumstances that imposition of the lower term would be contrary to the interests of justice, the court shall order imposition of the lower term if any of the following was a contributing factor in the commission of the offense: . . . The person has experienced psychological, physical, or childhood trauma, including, but not limited to, abuse, neglect, exploitation, or sexual violence." He argued that he "struggle[d] with mental health issues" including depression and "experienced frequent childhood trauma" including being taken to a psychiatric facility without parental consent, where he was "heavily sedated," witnessing his father abuse his mother "mentally and physically," sometimes on a daily basis, and sexual abuse. He submitted declarations from his sister and mother attesting to these experiences and articles discussing studies showing an association between childhood experience of domestic violence in the home and adult perpetration of or victimization by domestic abuse.

At a January 31, 2024 hearing on the RJA issues, the trial court suggested it did not need to determine whether Fuentes made a prima facie case because his prior sentence had already been vacated, and asked if the racial disparity data provided in Fuentes's briefing was "just for me to consider the existence of the Racial Justice Act in resentencing him." Agreeing that the procedural situation was "unusual," defense counsel explained that the issue had arisen because one of the factors to be considered in deciding whether to dismiss the enhancement under section 1385 is whether imposition of the enhancement would violate the RJA. Counsel maintained it would be efficient to "address this all in a single proceeding" rather than having the RJA issues raised again if the court reimposed the original nine-year sentence and asked the court to "bear in mind" the RJA data presented in the defense briefs. The court stated its understanding that the defense was requesting it to "prospectively consider" the information provided and be "mindful" of the RJA in considering resentencing but was not expecting a finding as to whether its submission met its burden under the RJA, and counsel responded that since there was no sentence in effect to challenge, the court was "essentially correct." The court's minutes indicate, "Racial Justice Act petition is moot."

The sentencing hearing took place on February 16, 2024. After the hearing the parties' arguments regarding aggravating and mitigating circumstances,[4] the trial court stated that it was going to approach the

---

[4] The People argued for an aggravated sentence based on the "exceptionally vulnerable victim," violence of the attack, severity of the victim's injuries, and history of refusing to adhere to the law and court orders evidenced by Fuentes's multiple prior convictions for driving under the influence and driving with a suspended license, and multiple violations of probation. The People argued the court could consider the severity of the victim's injuries because Fuentes admitted the great bodily injury

4

matter differently, based on the original plea agreement. The court observed that the plea agreement provided for an execution suspended eight-year sentence, which the written agreement showed as four-year terms for both the section 273.5 offense and the section 12022.7 enhancement and the prosecutor had described at the plea hearing as "midterm on both." As the trial court pointed out, while four years is the middle term for the enhancement (§ 12022.7, subd. (e)), the middle term for section 273.5 is three years, and because the parties expressed the intent to specify a middle term sentence as the maximum, that maximum would be seven years, not eight. Observing that the prosecutor agreed to the middle term disposition with knowledge of everything now being cited as support for an aggravated sentence, the court stated its intention to impose the middle term sentence based on the agreement previously entered. Regarding the RJA, the court stated that after looking at the information provided by the defense, the charges Fuentes was facing and the opportunity for probation he was given, "it would be hard pressed to say that the People over charged him or that they negotiated with him in some way that was disparate as to other people because his initial outcome actually would have been much better than many of those that [were] recited in the defense's brief but for his own squandering

---

enhancement. Defense counsel argued that aside from a certified record of conviction, the court could not impose an aggravated term based on aggravating factors not found or admitted in accordance with current law and could not rely on the severity of the victim's injuries to impose an aggravated term on the section 273.5 offense unless it struck the enhancement. Defense counsel argued that mitigating factors supported a low term sentence and, under the RJA, that the defense briefs showed Hispanic defendants are disproportionately charged with this enhancement and in general receive longer sentences. Counsel argued that Fuentes's prior driving offenses were misdemeanors, and that he had taken anger management classes, was trying to get his high school diploma and had a plan for the future.

of the opportunity to be on probation." Accordingly, the trial court imposed a total sentence of seven years, consisting of middle terms on the section 273.5 conviction (three years) and the section 12022.7 enhancement (four years).

Fuentes filed a timely notice of appeal.

## DISCUSSION

Pursuant to *Wende*, we are required "to conduct a review of the entire record whenever appointed counsel submits a brief which raises no specific issues or describes the appeal as frivolous." (*Wende, supra,* 25 Cal.3d at p. 441; *Anders v. California* (1967) 386 U.S. 738.)

The trial court, on remand, essentially took a course it could have taken when initially sentencing on Fuentes's violation: The *Cruz* waiver allowed the court to sentence unconditionally, as it did, but did not require the court to depart from the sentence stipulated in the plea agreement. The middle term sentences the court imposed on remand in accordance with its understanding of the plea agreement eliminated the aggravated terms that could not stand under the amended section 1170, subdivision (b)(6), resulting in a sentence one year shorter than that contemplated by the plea agreement. Fuentes did not object when the court stated its intention to sentence in accordance with the original plea agreement rather than consider aggravating and mitigating circumstances, thus forfeiting any issue as to the court's exercise of discretion. (*People v. Scott* (1994) 9 Cal.4th 331, 353.)

Our review of the record reveals no arguable issues requiring further briefing.

## DISPOSITION

The judgment is affirmed.

6

_____

STEWART, P. J.


We concur.


_____

RICHMAN, J.


_____

DESAUTELS, J.


*People v. Fuentes* (A169955)